### Moss *et al.* *v.* Manhattan Ry. Co. *et al.*

*(Supreme Court, General Term, First Department.*   December 29, 1890.)

**1. Eminent Domain—Excessive Compensation.**
   That the rentals of property increased after the construction of an elevated railroad in the street in front of it is not ground for holding damages awarded in an action for injury to the property therefrom to be excessive, where such increase appears to be due to a general rise in values in the vicinity.

**2. Same—Elements of Damage.**
   Annoyance by noise caused by the operation of an elevated railroad in the street in front of plaintiffs' property may be considered as an element of damage in an action for injury to the property from the operation of such railroad.   Following *Ode* v. *Railway Co.,* 9 N. Y. Supp. 338.

**3. Appeal—Review—Harmless Error.**
   The exclusion of a general question to a witness as to the effect of an elevated railroad station on the rental value of property in the vicinity for the liquor business is not ground of reversal, where the witness was afterwards allowed to testify as to the effect of the particular station in question on his liquor business, half a block distant.

Appeal from special term, New York county.

Action by Henry Moss and David Moss against the Manhattan Railway Company and the New York Elevated Railway Company to restrain the operation of defendants' elevated railroad in front of plaintiffs' property, and to recover damages for injury by the railroad to said property.   Defendants appeal from a judgment for plaintiffs, entered on trial by the court without a jury.

Argued before Van Brunt, P. J., and Bartlett and Barrett, JJ.

*Davies & Rapallo,* (*Henry D. Sedgwick, Jr.,* of counsel,) for appellants. *William G. Peckham,* (*Henry G. Atwater,* of counsel,) for respondents.

Bartlett, J.   The judgment in this case awarded the plaintiffs $3,813.48 damages and costs, and directed that an injunction should issue restraining the defendants from further maintaining or operating their railroad in front of the plaintiffs' premises, unless within 90 days they caused the plaintiffs' easement in Third avenue appurtenant to said premises to be condemned for railroad purposes according to law, or unless they tendered the plaintiffs $5,000 for a conveyance and release of all such easements.   The appellants make three points: *First,* that the damages are excessive; *second,* that it was error to receive evidence as to the noise made by the operation of the elevated railroad; and, *third,* that the trial judge was inconsistent in admitting testimony that the presence of the railway was injurious to a cigar manufacturer in his business, while he excluded testimony intended to show that it had proved beneficial to a neighboring liquor dealer.

As to the first point, we are not•satisfied that the amount at which the damages were assessed is excessive.    The increase in the rentals of the plaintiffs' property since the construction of the elevated railroad may well have been due to the general rise in real-estate values in that part of the city; and indeed there was express proof on the trial that, while Third-Avenue property had advanced, property not affected by the road had advanced much more in comparison.

As to the second point,—that the annoyance caused by noise is not to be considered as an element of damage in this class of cases,—we have already expressed a contrary opinion in *Ode* v. *Railway Co.*, 9 N. Y. Supp. 338. Furthermore, in the case at bar it does not appear that the award was based to any extent whatever upon the testimony in respect to noise; for there is no mention of noise in the findings.

As to the third point,—that the learned judge at special term was inconsistent in his rulings, to the injury of the defendants,—the record shows no error.    It is true that the court sustained the objection of plaintiffs' counsel to a general question as to what effect an elevated railroad station had upon the rental value of property in the vicinity to be used for the liquor business; but, immediately afterwards, the same witness was allowed to testify as to the effect of the station opposite the plaintiffs' premises upon his liquor business, half a block distant, and he declared that the proximity of the station improved it. The defendants were entitled to no more than this.    The judgment should be affirmed, with costs.    All concur.